| | |
|---|---|
| RENEE HENDRIAN, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| NATIONWIDE CAPITAL SERVICES, LLC, ) | |
| d/b/a STRUCTURED SETTLEMENT ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

# COMPLAINT

## INTRODUCTION

1. This action arises out of Defendant Nationwide Capital Services, LLC d/b/a Structured Settlement ("NCS" or "Defendant") multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from the Plaintiff Renee Hendrian (hereinafter "Plaintiff").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and pursuant to 15 U.S.C. § 1692k(d).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Defendant, in its illegal efforts to collect consumer debts.

4. Venue is proper in this District because the acts and transactions occurred in this District and Plaintiff resides in this District.

5. Defendant is subject to the jurisdiction of this District because Defendant regularly conducts business in this District and regularly attempts to collect debts from consumers located

1

in this District.

## PARTIES

6. Plaintiff, Renee Hendrian (hereinafter referred to as "Plaintiff") is a natural person who resides in Cocke County, Tennessee and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) because she is a person allegedly obligated to pay a debt.

7. Defendant NCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), is a for-profit Limited Liability Company organized in Nevada, and may be served through its agent for service of process at Registered Agent Solution, Inc. 992 Davidson Dr., Ste B, Nashville, TN 37205-1051.

## FAIR DEBT COLLECTION PRACTICES ACT

8. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. See 15 U.S.C. §§ 1692 *et seq.*

9. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. §§ 1692 (a), (b), and (c).

10. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692 (e).

11. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an

extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; see also *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

## FACTUAL ALLEGATIONS

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Defendant regularly engages in the business of using the mails and telephone system, and sending collection letters as an agent for its clients, all in an effort to collect consumer debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Defendant's principal business purpose is the collection of debts.

15. Defendant's legal name is Nationwide Capital Services, LLC but uses the trade name "Structured Settlement" in furtherance of its debt collection activities.

16. Defendant alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) (hereinafter, the "Alleged Debt"), namely, an alleged payday loan owed to Check 'n Go in the amount of five-hundred dollars ($500.00).

17. Sometime prior to May 10, 2023, the Alleged Debt was consigned, sold, or otherwise transferred to Defendant for collection from Plaintiff.

18. On or about May 10, 2023 Defendant, or an agent of the Defendant using the name Johnathan King ("Mr. King"), contacted Plaintiff on her cellular telephone and demanded payment of the Alleged Debt.

19. Mr. King was belligerent from the outset of the call attempting to collect the

Alleged Debt and informed Plaintiff that:

    a. The Alleged Debt had to be settled that day.

    b. If the Alleged Debt was not taken care of that day Plaintiff would be prosecuted for writing a worthless check, which has severe criminal penalties.

    c. He had previously contacted Plaintiff's employer who provided all of her "pay information" (but could not even tell Plaintiff the name of her employer when questioned).

20. Pursuant to Tenn. Code Ann. § 45-17-112(i) Plaintiff could not be convicted under Tennessee's criminal worthless check law, set forth at Tenn. Code Ann. § 39-14-121.

21. The May 10, 2023 telephone call was an attempt to collect a debt and a "communication" as defined by 15 U.S.C. § 1692a(2).

22. Because Plaintiff was at work, she was unable to address the Alleged Debt at that time and told Mr. King she would contact him the next day.

23. Soon after the May 10, 2023 telephone call, Defendant sent Plaintiff an email containing a collection letter on letterhead from Structured Settlement dated May 10, 2023.

24. The May 10, 2023 collection letter stated that current creditor was NATIONWIDE CAPITAL SERVICES LLC and the balance owed was $500.00 and due in full upon receipt of the letter.

25. The May 10, 2023 collection letter was an attempt to collect a debt and a "communication" as defined by 15 U.S.C. § 1692a(2).

26. The collection letter further stated "Please be advised that we have been requested by NATIONWIDE CAPITAL SERVICES LLC to assist them in the collection of the original debt

4

incurred by you."

27. This statement is false and misleading as Structured Settlement is a trade name of NATIONWIDE CAPITAL SERVICES LLC.

28. The collection notice included a "g notice" statement that "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such a judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of original creditor, if different from the current creditor."

29. On or about May 11, 2023 Defendant, or an agent of the Defendant using the name Johnathan King ("Mr. King"), again contacted Plaintiff on her cellular telephone and demanded payment of the Alleged Debt.

30. Mr. King was belligerent from the outset of the second call attempting to collect the Alleged Debt.

31. During the second collection call Mr. King:

   a. Demanded payment of the Alleged Debt, to which Plaintiff refused.

   b. Informed Plaintiff that the thirty-day period to dispute the debt as set forth in the May 10, 2023 collection letter did not pertain to her.

   c. That if the Alleged Debt was not paid that day, her file was going to be referred to the legal department for prosecution.

32. The May 10, 2023 telephone call was an attempt to collect a debt and a

5

"communication" as defined by 15 U.S.C. § 1692a(2).

33. Following the collection call on May 11, 2023, as a direct result of Defendant's threats, misrepresentations, and/or omissions, Plaintiff paid or caused to be paid five-hundred dollars ($500.00) to the Defendant to satisfy the Alleged Debt.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FDCPA
### 15 U.S.C. §§ 1692 *et seq.*

34. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

**a. Violations of FDCPA §§ 1692e *et seq***

35. 15 U.S.C. §1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....

(2)  The false representation of—
  (A)  the character, amount, or legal status of any debt;

(4)  The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5)  The threat to take any action that cannot be legally taken or that is not intended to be taken . . . [or]

(7)  The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .

36. By communicating with the Plaintiff as described more thoroughly in ¶¶ 19 & 31 *supra,* Defendant violated 15 U.S.C. § 1692e, e(2), e(4), e(5), e(7) and e(10).

### b. Violation of FDCPA § 1692f

37. 15 U.S.C. §1692f provides:

> A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt . . ..

38. By communicating with the Plaintiff as described more thoroughly in ¶¶ 18 - 31 *supra,* the Defendant used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

### c. Violation of FDCPA §1692g(b)

39. 15 U.S.C. §1692g(b) states:

> Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

40. The communication by Defendant on May 11, 2023 with Plaintiff occurred prior to the expiration of the 30-day period after Plaintiff's receipt of the May 10, 2023 collection letter would make the least sophisticated consumer confused and/or uncertain as to his or her rights, in violation of 15 U.S.C. § 1692 and these communications within the thirty-day period described in 15 U.S.C. § 1692g(a) both overshadowed and were inconsistent with the disclosure of Plaintiff's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b).

41. The foregoing acts and omissions of Defendant and its agent constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of 15 U.S.C. §§ 1692 *et seq*.

42. The actions of the Defendant as described herein caused Plaintiff to suffer actual damages in the form of the financial expense of the coerced payment of the Alleged Debt, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal

privacy.

43. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial by a jury; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
## UNDER THE FDCPA AND STATE LAW

44. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

45. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a).

46. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates a broad range of "financial institutions" whose definition includes debt collectors, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a).

47. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns or affairs of Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's personal and financial privacy.

48. Defendant intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt by attempting to collect an alleged debt by threatening criminal prosecution and/or telling her that she was not entitled to certain federal rights provided her by the FDCPA.

49. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and or private concerns or affairs.

50. The conduct of Defendant, in engaging in the above-described illegal collection conduct against the Plaintiff, resulted in intrusions and invasions of privacy by the Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

51. As a result of such invasions of privacy, Plaintiff is entitled to actual and punitive damages in an amount to be determined at trial by a jury, from the Defendant.

### *Trial by Jury*

52. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed.R.Civ.P. 38.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692g(b)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
### UNDER THE FDCPA AND STATE LAW

- for an award of actual and punitive damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasion of Plaintiff's personal and financial privacy in an amount to be determined at trial by a jury; and for the Plaintiff.

- for such other and further relief, as may be just and proper.

6/9/23	Respectfully submitted,

**RENEE HENDRIAN**

*s/ Brent S. Snyder*
Brent S. Snyder, BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921-5855
(865) 264-3328
brent@brentsnyderlaw.com

*s/ William M. Kaludis*
William M. Kaludis, BPR #017433
SHIELD LAW GROUP
5115 Maryland Way, Suite 911
Brentwood, TN 37027
(615) 742-8020
bill@shieldlawgroup.com

Attorneys for Plaintiff