UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| RENE HENDRIAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:23-CV-62 |
| vs. | ) | |
| | ) | |
| NATIONWIDE CAPITAL SERVICES, LLC, d/b/a STRUCTURED SETTLEMENT | ) ) ) | |
| Defendant. | | |

**REPORT AND RECOMMENDATION**

Plaintiff filed a Motion for Default Judgment and supporting affidavit [Docs. 9, 9-1] requesting entry of default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(1). This motion was referred to the undersigned for a report and recommendation by the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. 10]. For the reasons set forth below, the Court recommends that Plaintiff's Motion [Doc. 9] be **DENIED without prejudice**.

I.  **Factual Background and Procedural History**

On June 9, 2023, Plaintiff filed a Complaint [Doc. 1] alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, through its efforts to collect a consumer debt from Plaintiff. After the Complaint was filed, a summons was issued and later returned executed. [Docs. 2, 6]. The proof of return indicates that a copy of the summons and complaint was served on Defendant's registered agent on June 23, 2023, by certified mail with

return receipt requested. A copy of the completed receipt was provided which reflects delivery and receipt on June 23, 2023. [Doc. 6, p. 3]. Thereafter, Defendant failed to file an answer or otherwise respond to Plaintiffs' Complaint. As a result, Plaintiffs filed an application for entry of default and submitted a supporting affidavit, after which a Clerk's Entry of Default was docketed. [Docs. 7, 8].

Plaintiff has now filed a Motion for Default Judgment [Doc. 9]. In an accompanying affidavit, Plaintiffs' counsel states that Plaintiff seeks $1,000 in statutory damages, plus interest as allowed by law. [Doc. 9-1]. The affidavit further requests actual damages in an amount to be determined by the Court for attorney fees and costs. *Id.*

II. **Legal Analysis**

Rule 55(a) requires the Clerk of Court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise…." Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, a party may move the Court for entry of default judgment. Fed. R. Civ. P. 55(b). Here, Plaintiff filed an application for entry of default as required by Rule 55(a). [Doc. 7]. In response, the Clerk filed an Entry of Default. [Doc. 8]. Plaintiff now comes before the Court requesting default judgment pursuant to Rule 55(b).

  a. *Service of Process*

For the Court to analyze and adjudicate this matter, Plaintiffs must have properly served process on the defendant against whom judgment is sought. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *see e.g. Walker v. Klise Mfg. Co.,* No. 3:18-CV-00477, 2020 WL 983087 (M.D. Tenn. Feb. 4, 2020), *report and recommendation adopted*, No. 3:18-CV-

00477, 2020 WL 978682 (M.D. Tenn. Feb. 28, 2020). When service is not proper, "the court must set aside an entry of default." *O.J. Distrib., Inc.*, 340 F.3d at 353 (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)). Here, the Court must first determine whether service of process was adequate before it proceeds to a review of the default judgment motion. The burden of proving service rests with Plaintiff. *See Boulger v. Woods*, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018), *aff'd,* 917 F.3d 471 (6th Cir. 2019) (citing *Sawyer v. Lexington–Fayette Urban County Gov't,* 18 F. App'x 285, 287 (6th Cir. 2001)).

Federal Rule of Civil Procedure 4(h) governs service of process on entities, including limited liability companies. Rule 4(h)(1) applies to entities located within a judicial district in the United States. Under that Rule, Plaintiff was permitted to serve process by either "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or " by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(e)(1), (h)(1)(A), (h)(1)(B). If a defendant is not served within 90 days of the filing of the complaint, the court, either on motion or *sua sponte* after notice to the plaintiff, "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Here, Plaintiff was permitted to serve process pursuant to the laws of the State of Tennessee because this action arises in the Eastern District of Tennessee and the alleged service of process took place in Nashville, Tennessee. Fed. R. Civ. P. 4(h)(1)(A), (e)(1). In Tennessee, service of

process on an entity defendant within the state is governed by Tennessee Rule of Civil Procedure 4.04(3). The Rule provides that service may be made as follows:

> Upon a partnership or unincorporated association (including a limited liability company) which is named defendant under a common name, by delivering a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association.

Tenn. R. Civ. P. 4.04(3). For limited liability companies, Tennessee law designates an LLC's registered agent as the person responsible for receipt of service. Tenn. Code Ann. § 48-208-104. Service on the agent can be completed personally through Rule 4.04(3) or by mail pursuant to Rule 4.04(10). The Tennessee Secretary of State lists the registered agent of the Nevada-based limited liability company known as Nationwide Capital Services, LLC as Registered Agent Solutions, Inc. whose mailing address is 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

Service in this case was attempted by certified mail to Defendant's registered agent. Plaintiff filed proof of service on June 29, 2023, with a certified mail green card receipt attached [Doc. 6]. The receipt reflects the mailing address of Defendant's registered agent and appears to have been signed by Jen Thompson.[1] Next to the signature line on the receipt are boxes marked "agent" and "addressee" but neither box was checked. Additionally, the receipt did not include the title of the recipient or any indication of the recipient's status within Registered Agent Solutions, Inc.

Under Tennessee law, "registered agents, individual or corporate, have implied authority to appoint subagents." *Rubio v. Precision Aerodynamics, Inc.*, 232 S.W.3d 738, 743-44 (Tenn. Ct. App. 2006). As explained by the *Rubio* court, if a business's registered agent is a corporation, "the

---

[1] The signature and printed name on the receipt are not entirely legible, so the Court cannot be sure this is the correct name of the person who signed for delivery.

registered agent must, as a matter of necessity, appoint others to serve as subagents to…receive service of process on behalf of the defendant [business]." *Id.* at 743. At the same time, the Tennessee Supreme Court has explained that "a corporate agent with the authority to sign for and receive the corporation's certified mail does not, without more, qualify as an agent authorized by appointment to receive service of process on behalf of a corporate defendant." *Hall v. Haynes*, 319 S.W.3d 564, 583-84 (Tenn. 2010). "Determining whether an individual is an authorized subagent is a fact-intensive inquiry." *Cunningham v. Select Student Loan Help, LLC*, No. 3:15-cv-00554, 2016 WL 7368595, at *7 (M.D. Tenn. Dec. 20, 2016), *report and recommendation adopted*, No. 3:15-cv-00554, 2017 WL 10399393 (M.D. Tenn.).

Additionally, when process is served by mail, the Tennessee Rules of Civil Procedure require that "[t]he person making service shall endorse over his or her signature on the original summons the date of mailing a certified copy of the summons and a copy of the complaint to the defendant and the date of receipt of the return receipt from the defendant." Tenn. R. Civ. P. 4.03(2). Tennessee also requires that if service is attempted by mail, it must be addressed to a specific individual. Tenn. R. Civ. P. 4.04(3), (10); *see also Collett v. Kennedy, Koontz & Farinash*, No. 3:14-CV-552-TAV-HBG, 2015 WL 7254301, at *4 (E.D. Tenn. Aug. 14, 2015). The Tennessee Supreme Court has stated that Tennessee's rules regarding service of process must be strictly construed. *Hall*, 319 S.W.3d at 571.

There are several issues with the perfection of service in this matter. First, the returned summons does not reflect the date of mailing nor the date the return receipt was received from Defendant. Additionally, the certified mail was not addressed to a specific individual but instead was merely addressed to Nationwide Capital Services, LLC, c/o Registered Agent Solution [*sic*], Inc. [Doc. 6]. Finally, even if Plaintiff had properly endorsed the summons and addressed service

to a specific individual, it is unclear that the person who received service was authorized to do so on Defendant's behalf.

The Court finds *Cunningham* particularly instructive regarding the issue of service. In *Cunningham*, the defendant corporation had a corporate registered agent whom the plaintiff attempted to serve via certified mail. 2016 WL 7368595, at *8. The plaintiff mailed the service packet to the address reflected for the defendant's corporate registered agent, and the return receipt was signed by an individual named Sherry Vance. *Id.* Like the receipt in this case, the return receipt signed by Ms. Vance contained boxes next to the signature line marked "agent" and "addressee," but neither box was marked. Because the Court did not have sufficient information to determine whether Ms. Vance was an agent or authorized subagent authorized to receive process on behalf of the defendant, the *Cunningham* court was unable to conclude that service of process on the defendant had been perfected under Tennessee law. *Id.*

The facts surrounding service of process in the case at hand are nearly identical to those of *Cunningham*. Here, Defendant's registered agent is a corporation and service was attempted by certified mail. The return receipt is signed by Jen Thompson, who did not mark either the "agent" or "addressee" box next to the signature line, so her role within the corporate registered agent is unknown. Based upon the information provided, the Court cannot conclude that Ms. Thompson is a subagent authorized to received process on behalf of Defendant's registered agent, Registered Agent Solutions, Inc. *See id.*; *see also Collette*, 2015 WL 7254301, at *5 (finding that service had not been perfected when the record was insufficient to establish that a part-time secretary had been conferred with the authority to receive process).

While the Court acknowledges the difficulties parties face in perfecting service of process, given that the law requires strict compliance with applicable rules for service, the Court must find

that Plaintiff failed to accomplish service as she did not meet the requirements for doing so set forth in the Tennessee Rules of Civil Procedure. Even if Plaintiff had complied with the technical service requirements, the Court would still be required to find that service has not been accomplished as Plaintiff has not established that Ms. Thompson was authorized to receive process on behalf of Defendant's registered agent.

### b. *Impact of Lack of Service of Process on Request for Default Judgment*

As previously stated, where service has not been completed, the Court must deny default judgment and set aside an entry of default. *See O.J. Distrib., Inc.*, 340 F.3d at 353. The Court must take this action because "[i]n the absence of 'proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant.'" *Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019) (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)). Here, because service of process has not yet been accomplished and there is no waiver of service contained in the record, the Court does not yet have jurisdiction over Defendant and is unable to grant Plaintiff's Motion for Default Judgment.

### III. CONCLUSION

For reasons stated above, this Court concludes that service of process has not been completed upon Defendant, depriving the Court of personal jurisdiction over Defendant at this juncture. As such, the Court must **RECOMMEND** that Plaintiff's Motion for Default Judgment be **DENIED** and further **RECOMMENDS** that the Clerk's Entry of Default be set aside. Additionally, the undersigned **RECOMMENDS** that Plaintiff be given **forty-five (45) days** from

the entry of an order setting aside the Clerk's Entry of Default within which to properly accomplish service on Defendant in a manner that is in strict keeping with the rules for service of process.[2]

RESPECTFULLY SUBMITTED,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).